IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CYNTHIA LYNN MILLER                                                              PLAINTIFF

           v.                            Civil No. 08-5032

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Cynthia Miller, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title VI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff filed her application for SSI on July 27, 2005, alleging an onset date of August 1, 1992, due to anxiety and back problems. (Tr. 44-46, 60, 97-98). Her applications were initially denied and that denial was upheld upon reconsideration. An administrative hearing was held on March 27, 2007. (Tr. 246-276). Plaintiff was present and represented by counsel.

At this time, plaintiff was 46 years of age and possessed an eighth grade education. (Tr. 250). She had past relevant work ("PRW") as a construction worker and care giver. (Tr. 17, 61, 250-257).

On June 19, 2007, the Administrative Law Judge ("ALJ") concluded that plaintiff's back problems, pain, and anxiety were severe but did not meet or medically equal one of the listed

impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 12-13). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift 50 pounds occasionally and 25 pounds frequently; sit for 6 hours, stand and walk for 6 hours during an 8-hour workday. (Tr. 16). He also concluded that plaintiff could occasionally climb, balance, stoop, kneel, bend, crouch, and crawl, but could not climb scaffolds, ladders, or ropes. From a mental standpoint, the ALJ found that plaintiff could follow non-complex simple instructions using little judgment, work where the interpersonal contact is superficial and incidental to work with the public; the complexity of tasks is learned and performed by rote; and, the supervision required is simple, direct, and concrete. (Tr. 13). With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform work as a hand packager and small products assembler. (Tr. 17).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 8, 2007. (Tr. 3-5) Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial

evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Evaluation Process**:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the fact that the record does not contain a recent physical RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain

are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The records indicate that plaintiff was treated for a mild narrowing of the medial compartment joint space in the knees, a cyst on her right knee, chronic degenerative joint disease of the right knee, degenerative disk disease at the L4-5 level with minimal diffuse disk bulge that slightly deformed the anterior thecal sac, minimal degenerative disease at the L5-S1 level, and mild anterior wedging at the L1 level. (Tr. 195, 197, 199, 200). She was prescribed muscle relaxers to treat her pain and muscle spasm. Plaintiff was also treated for tension/anxiety and depression, for which she was prescribed Zoloft and Trazodone. (Tr.150-153, 183-186, 197, 199, 200). While we note that the doctor who conducted plaintiff's general physical exam in 2005 did not indicate that plaintiff had any physical limitations, he did report that she had a decreased range of motion in her lumbar spine. Specifically, the range of motion was 1 to 50, with the normal being 1 to 90. The most recent RFC assessment, however, was dated September 16, 2004. (Tr. 141-149). Therefore, we believe an up-to-date RFC is necessary to determine whether plaintiff's back and knee impairments affect her ability to perform work-related activities.[1] Accordingly, remand is necessary to allow the ALJ to obtain a recent RFC

---

[1] The record does contain RFC assessments prepared in connection with prior applications, but the most recent assessment was dated September 2004. That is 10 months prior to the filing of the present application and almost 3 years prior to the date of the ALJ's decision.

5

assessment. On remand, the ALJ should address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

### III. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this th day of 3rd February 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE